TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                                                                               tbank@toddbanklaw.com

July 18, 2017

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn.: Judge Carol Bagley Amon

      Re:    Todd C. Bank, *et al.* v. Uber Technologies, Inc.
              Case 1:16-cv-05845-CBA-VMS

Dear Judge Amon:

      I, the plaintiff in the above-referenced matter, hereby address the letter (Dkt. No. 29) that David J. Fioccola has submitted on behalf of Defendant, Uber Technologies, Inc. ("Uber"), in response to my request (Dkt. No. 28) for a pre-motion conference regarding my anticipated motion for the reconsideration of the Memorandum & Order dated July 10, 2017 (Dkt. No. 26), which granted Uber's dismissal motion.

      Mr. Fioccola claims that "Uber disclosed two of the three pieces of identifying information required under N.Y. G.B.L. § 399-p for prerecorded calls—its name and telephone number—Uber did not provide the third piece of information required by that statute, its address," Def. Ltr. at 2, and further contends that, "[a]lthough Mr. Bank insists that 'the Complaint also alleges that Uber failed to disclose its telephone number', that assertion is clearly contradicted by the Complaint itself, which explicitly states that Uber did provide its phone number in the allegedly verbatim transcription of the calls that Mr. Bank claims to have received." *Id.* at 2, n.1, citing Compl. ¶¶ 16-17 (Dkt. No. 1). This is not so. First, in my memorandum of law in opposition to the dismissal motion, I stated as follows:

> Uber's Robocalls did *not* provide Uber's telephone number. As Bank stated in response [(Dkt. No. 12)] to Uber's pre-motion-conference letter [(Dkt. No. 11)], "Uber's contention regarding Bank's allegation of the absence of a telephone number is erroneous because, as Uber surely knows, the telephone number that Uber's [R]obocalls provided belonged to a *telemarketing company*, whereas Uber was required to provide a 'telephone number of the person *on whose behalf* the message [was] transmitted.' GBL § 399-p(3)(a)."

Pl. Opp Mem. at 2 (Dkt. No. 21) (emphases in original).

Judge Carol Bagley Amon  *Todd C. Bank,* et al. *v. Uber Technologies, Inc.*
July 18, 2017  Case 1:16-cv-05845-CBA-VMS
-page 2-

     Second, during the parties' oral argument on April 18, Your Honor specifically asked Mr. Fioccola whether the telephone number that was provided in Uber's messages was, in fact, Uber's telephone number, and he responded by stating that he did not know. Perhaps Mr. Fioccola forgot the representations that both he and I made before Your Honor. Moreover, of course, the mere fact that a telephone number is provided in a robocall message obviously does not *ipso facto* mean that that number was the one whose inclusion was required by GBL § 399-p(3)(a). Then again, as thoroughly documented by the dismissal-motion papers, as well as by the proposed memorandum of law that I submitted as an exhibit to my request (Dkt. No. 22) for a pre-motion conference regarding a motion, *inter alia*, seeking sanctions against Uber and/or its counsel, Mr. Fioccola's attempt to deceive this Court is merely the latest in a litany of outright falsehoods and deceptive representations that Mr. Fioccola has made to this Court.

     As to Mr. Fioccola's contention that my anticipated motion would not meet the standards required of a motion for reconsideration, I believe that my pre-motion letter indicates that the motion would, in fact, be meritorious.

     Finally, Mr. Fioccola suggests that a party may be prohibited from making a motion for reconsideration, but that suggestion has no merit.

Sincerely,

  s/ *Todd C. Bank*

Todd C. Bank