UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUDITH FERRENBACH,

               Plaintiff,

   -against-

UBER TECHNOLOGIES, INC.,

               Defendant.
-----------------------------------------------------------x
TODD C. BANK,

               Plaintiff,

   -against-

UBER TECHNOLOGIES, INC.,

               Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
15-CV-6818 (CBA) (SMG)

16-CV-5845 (CBA) (VMS)

**AMON, United States District Judge:**

On February 28, 2017, Defendant Uber Technologies, Inc. ("Uber") filed a motion to dismiss Plaintiff Judith Ferrenbach's ("Ferrenbach's") Amended Complaint in 15-CV-6818. The motion raised jurisdictional issues similar to those in 16-CV-5845, in which the Court dismissed Plaintiff Todd C. Bank's ("Bank's") claims against Uber for lack of standing. On July 11, 2017, Bank filed a letter motion requesting a pre-motion conference, and the Court construed the letter as a timely motion for reconsideration of the standing decision. The Court heard oral argument for the motion in 15-CV-6818 on May 19, 2017, and for the construed motion in 16-CV-5845 on July 28, 2017.

After considering the briefing for both motions, the Court directs Bank, Ferrenbach, and Uber to file supplemental briefs of no more than 10 pages on the following questions:

> 1.     Does Section 399-p(2) of the New York General Business Law—which states that "[n]o person shall operate an automatic dialing-announcing device, nor place any consumer telephone call, except in accordance with the provisions of this section"—indicate

1

that the New York legislature contemplates as legal injury the receipt of one or more robocalls, rather than the lack of required disclosures made during those calls?

2.      Under current Supreme Court and Second Circuit case law, may the New York legislature, as opposed to Congress, "elevat[e]" the receipt of one or multiple robocalls "to the status of legally cognizable injuries" in federal court, Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 578 (1992))?

The Court is familiar with the allegations in, and procedural postures of, both cases. The brief therefore should focus entirely on answering the legal questions. To the extent they rely on legislative history, the parties are directed to attach relevant excerpts as exhibits; only these excerpts will not be counted in the 10-page limit. The parties are directed to file their briefs no later than October 3, 2017. (Uber may file the same brief in both actions.)

If they wish, the parties in each case may file, no later than October 10, 2017, a response of no more than five pages to their opponent's brief. To the extent they rely on legislative history not included in the first round of supplemental briefing, the parties are directed to attach relevant excerpts as exhibits; only these excerpts will not be counted in the five-page limit.

The parties may not file sur-replies. The parties may not include additional arguments in the exhibits. Bank may not file an amicus brief in 15-CV-6818 to answer the questions above, and neither may Ferrenbach in 16-CV-5845.

The Court will strike any supplemental briefs that do not comply with this Order. The Court also will reject any unresponsive arguments in the supplemental briefing.

SO ORDERED.

Dated: September 19, 2017
       Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge