TODD C. BANK, ATTORNEY AT LAW, P.C.
**119-40 Union Turnpike, Fourth Floor**
**Kew Gardens, New York 11415**
**Telephone: (718) 520-7125**
**Facsimile: (856) 997-9193**

www.toddbanklaw.com                                          tbank@toddbanklaw.com

October 17, 2019

United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn.: Judge Carol Bagley Amon

> **Re:     Todd C. Bank, *et al*. v. Uber Technologies, Inc.**
> **Case 1:16-cv-05845-CBA-VMS**

Dear Judge Amon:

I, the plaintiff in the above-referenced action, hereby move to compel Defendant, Uber Technologies, Inc. ("Uber"), pursuant to Rules 37(a)(3)(B)(iii) and (iv) of the Federal Rules of Civil Procedure, to respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. I have repeatedly attempted to schedule a meet-and-confer, but the parties were unable to schedule one within a reasonable period (the Requests and Uber's responses to them are annexed hereto, respectively, as Exhibits "A" through "D").

My individual claims in this putative class action are based upon four telephone calls that I received in 2015 that, I allege, violated New York General Business Law Section 399-p(3)(a), which provides, in relevant part: "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call . . . the *name* of the person or on whose behalf the message is being transmitted and at the end of such message the *address*, and *telephone number* of the person on whose behalf the message is transmitted . . . ." (emphases added).

**I.**     In response to *each* of those discovery requests that pertained to the telephone calls (whether to the ones that I received or to those that putative class members did), "Uber object[ed] to [such request] on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case." The obfuscatory and bad-faith nature of this objection speaks for itself.

**II.**     The action was commenced on October 19, 2016, and the claims are governed by a three-year statute of limitations; yet, Uber objected to the requests "to the extent [they] provide[] for a relevant time period 'beginning on October 19, 2013, and continuing to present,' and seek[] information created outside the time period for which Plaintiff's claims, and the class of any putative class members, would be barred by any applicable statute of limitations or release." Response to

Interrogatories, Gen. Obj. No. 12; *see also* Response to Document Requests, Gen. Obj. No. 13 (identical in substance). Thus, Uber, according to this objection, could have planned, on October 18, 2013, all of the telephone calls that were made within the limitations period and would be entitled to withhold that information. Obviously, that is untenable (it is also unclear whether Uber is separately objecting to the time period itself, but, presumably, that is not the case).

**III.**     Uber "objects to the purported definitions in the [requests] to the extent that they require words to be construed in any manner other than their plain meaning." Response to Interrogatories, Gen. Obj. No. 16; Response to Document Requests, Gen. Obj. No. 16. However, a proponent of discovery requests has the right to include definitions that assign, to a given term, a definition that differs from that term's common meaning.

Sincerely,

  s/ ***Todd C. Bank***

Todd C. Bank

TCB/bd

# Exhibit "A"

**Plaintiff's First Set of Interrogatories**

**September 5, 2019**

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, | 1:16-cv-05845-CBA-VMS |
| *Plaintiff*, | **PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| -against- | |
| UBER TECHNOLOGIES, INC., | |
| *Defendant*. | |

## INSTRUCTIONS

a.      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Todd C. Bank, hereby requests that you answer the Interrogatories set forth below.

b.      You are required to respond to these Interrogatories within 30 days from the date of receipt thereof in the form and manner required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

c.      In the event that any information called for by an Interrogatory is withheld on the basis of a claim of privilege, identify that information by stating: (i) with respect to information that appears in a document, (A) such document's author(s), addressee(s), indicated or blind-copy recipient(s), date, subject matter, and the number of pages, attachments, or appendices; (A) all persons to whom the document was distributed, shown, or explained; (C) the present custodian of the document; (ii) all persons with whom such information was shared; (iii) all persons to whom such information was explained; (iv) the basis of the claimed privilege.

c.      If any information called for by an Interrogatory is withheld on the basis of a claim of privilege, (i) identify such information (ii) identify any person who likely or actually possesses or possessed such information; (iii) state, with respect to any document that constitutes or reflects the

information, the author(s), addressee(s), indicated or blind-copy recipient(s), date, subject matter, number of pages, attachments or appendices, all persons to whom the documents was distributed, shown or explained, present custodian; and (iv) state the nature of the claimed privilege.

d.      If any information requested was, but no longer is, in your possession or subject to your control, please (i) identify such information (ii) identify any person who likely or actually possesses or possessed such information; (iii) state, with respect to any document that constitutes or reflects the information, the author(s), addressee(s), indicated or blind-copy recipient(s), date, subject matter, number of pages, attachments or appendices, all persons to whom the documents was distributed, shown or explained, present custodian; (iv) explain the circumstances surrounding the disposition; (v) the manner of its disposition (*e.g.*, lost, destroyed, or transferred to any third party); and (vi) state the nature of the claimed privilege.

e.      Any Interrogatory pertaining to quantitative matters may be answered by providing a quantitative range if a more precise answer cannot be given.

f.      Any Interrogatory pertaining to dates and/or times may be responded with a range of dates and/or times if more precise dates and/or times cannot be provided.

g.      You must respond to each Interrogatory to the extent possible, including where you find that you are unable to respond to a portion of an Interrogatory, claim that you are entitled to not respond to a portion of an Interrogatory for any reason, or claim that a portion of an Interrogatory is not applicable for any reason.

h.      Unless otherwise indicated, each Interrogatory shall be answered with respect to the period beginning on October 19, 2013, and continuing to the present.

## <u>DEFINITIONS</u>

a.      The term "person" means any individual, corporation, firm, joint-stock company, unincorporated association, or society; a State or territory of the United States, and such State's or territory's agencies or political subdivisions; any court; and any other governmental or regulatory entity, whether international, foreign, federal, state, or local.

b.      The term "Uber" means: (i) Uber Technologies, Inc., and any predecessor or successor thereto; and (ii) any corporate parent, corporate subsidiary, or division of Uber Technologies, Inc. or any predecessor or successor thereto.

c.      The term "you" means Uber.

d.      "Bank" means Todd C. Bank, the plaintiff in this action.

e.      The term "communication" means any thoughts, opinions, or information that are imparted or interchanged by speech, writing, or signs.

f.      The term "correspondence" means any written communication that is sent or received by any means of transmission, including standard mail, express mail, private mail, courier, e-mail (including any attachments thereto), or other electronic communication, facsimile, and telephone call.

g.      The terms "any" and "and/or" mean "each" and "all."

h.      The term "document" means any written or graphic material, however produced or reproduced, of every kind and description, including but not limited to the original and any copy, regardless of origin or location, of any books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, data-processing cards, computer print-outs, e-mails, electronic record, computer record, photograph, audio recording, video, movie, or any other written, recorded, transcribed, punched, taped, filmed, photographic, or graphic matter, however produced or

reproduced, to which Uber has or has had any access.

i.      The term "indicate" means to directly or indirectly do any of the following: show, reflect, refer to, or describe.

j.      The term "identify" means: (i) when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; and (ii) when referring to documents, to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

k.      The term "telephone" means a device that coverts sound and electrical waves into audible relays.

l.      The term "receiving number" means a ten-digit number consisting of a three-digit Numbering Plan Area (NPA) code, commonly called an area code, followed by a seven-digit local number.

m.      The term "telephone call" means the transmission of any communication that is: (i) connected, directly or indirectly, to a public switched-telephone network (PSTN), and/or a voice-over-internet-protocol (VOIP) network, and/or any other network, and (ii) transmitted to a receiving number regardless of how the transmission is enabled and regardless of how many, if any, of the numbers of the receiving number are utilized in the process that enables the transmission.

n.      The term "answering system" means a physical device or electronic-storage system that can enables a person, when making a telephone call that is not answered by a live person, to leave a message that can be heard thereafter.

o.      With respect to a telephone call, the term "answer," as both a verb and noun, refers the answering of a telephone call by at least one of the following methods: (i) a person; (ii) an

answering system; or (iii) a person *and* an answering system (as occurs, for example, when a call is answered by an answering system and then also answered by a person, or vice-versa ).

p.  The term "Uber Telephone Call" means a telephone call that meets each of the following criteria: (1) the telephone call is made with the intention that, if such call is answered by at least one, or one particular type, of the methods described in Paragraph "o," a previously recorded message will be played in full or in part; and (2) at least one purpose for which the telephone call is made is to request that a person listening to the message call that person's council member and request that said council member oppose, or withdraw support of, a proposed cap on the number of vehicles available in New York City through Uber's ride-sharing mobile application.

q.  The term "Uber Message" means the message described in the preceding paragraph.

r.  The term "Uber Message Telephone Number" means (212) 257-1745.

s.  The term "Uber Caller" means a person that made an Uber Telephone Call.

t.  The term "Uber Telephone Call Action" means a lawsuit in which a person alleged that Uber was liable, or a formal or informal action or proceeding in which a governmental entity alleged that Uber was legally responsible, for one or more allegedly unlawful Uber Telephone Calls.

u.  The term "Bank's Telephone Number" means (718) 261-2482.

v.  The term "Additional Uber Telephone Call" means an Uber Telephone Call that was placed to a telephone number other than Bank's Telephone Number.

w.  The term "Uber-Calling" means the placing of an Uber Telephone Call.

x.  The term "Uber-Calling Agreement" means an agreement or contract to which Uber or Responding Party Person is a party and that pertains, to any degree, to the placement of Uber Telephone Calls.

y.  The term "Complaint" means Docket Entry No. 1 in the above-captioned action.

## INTERROGATORIES

1.     State whether, how many, and when any Uber Telephone Calls were placed to Bank's Telephone Number.

2.     State whether, how many, and when any Uber Telephone Calls were placed to any Additional Telephone Numbers.

3.     State the telephone numbers of any Additional Telephone Numbers to which any Uber Telephone Calls were placed, and the number, dates, and times that each such call was placed.

4.     Describe all information that Uber possessed regarding the telephone numbers to which Uber Telephone Calls were placed.

5.     Describe all criteria that governed the selection of the telephone numbers to which Uber Telephone Calls were placed.

6.     Identify any person who placed any Uber Telephone Calls to Bank's Telephone Number.

7.     Identify any person who placed any Uber Telephone Calls to any Additional Telephone Numbers.

8.     Quote the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to Bank's Telephone Number.

9.     Quote the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to any Additional Telephone Number.

10.    Describe the manner by, and each source from which, Additional Telephone Numbers were obtained so as to enable the placing of any Uber Telephone Calls to any Additional Telephone Numbers.

11.    Describe any relationship between Uber and any Uber Caller.

12. Describe any Uber-Calling Agreement.

13. State the amount of money that Uber paid for the placement of Uber Telephone Calls.

14. Describe all communications, agreements, or contracts between Uber and any Uber Caller.

15. Identify all depositions in any Uber Telephone Call Action.

16. Identify all persons whose voice was on an Uber Message.

17. Describe the nature of the Uber Message Telephone Number and any other telephone number that was included in any Uber Telephone Call.

18. State how, if at all, a person could contact a person whose voice was on an Uber Message.

18. State how, if at all, any Uber Message enabled a person to contact Uber.

19. Describe all communications with any person regarding the allegations set forth in the Complaint, including for each such communication:

    a. the name and position of the person(s) with whom communication occurred;

    b. the date on which communications with such person(s) occurred;

    c. the substance of the communications with such person(s);

    d. the names and positions of the participants in all such communications; and

    e. whether there is a written report of the same.

20. Pertain to the script of any Uber Telephone Call.

21. Identify any Uber Caller whose contractual relationship with Uber was terminated by Uber based upon allegations of one or more violations, or findings of one or more violations, of GBL § 399-p.

22. Describe the bases for any terminations to which the preceding Request refers.

23. Identify any allegations findings by any governmental entity regarding violations of GBL § 399-p by Uber.

24. Identify all documents that refer to any Uber Telephone Calls.

25. Identify all statements that were taken from any person concerning the allegations set forth in the Complaint, whether such statements were taken by Uber or any other person.

26. Identify all persons who were consulted with respect to, or who participated in, the Preparation of Uber's responses to Bank's discovery requests served on September 5, 2019, and the role of each such person.

27. Identify all statements that were taken from any person concerning the allegations set forth in any Uber Telephone Call Action, whether such statements were taken by Uber or any other person.

28. Identify all investigations concerning the allegations set forth in the Complaint, whether such investigations were made by Uber or any other person.

29. Identify all investigations concerning the allegations set forth in any Uber Telephone Call Action, whether such investigation was made by Uber or any other person.

Dated: September 5, 2019

          ___***s/ Todd C. Bank***___

          TODD C. BANK,
           ATTORNEY AT LAW, P.C.
          119-40 Union Turnpike
          Fourth Floor
          Kew Gardens, New York  11415
          (718) 520-7125
          By: Todd C. Bank

          *Counsel to Plaintiff*

TO:    MORRISON & FOERSTER LLP
       250 West 55th Street
       New York, New York  10019

(212) 468-8000

*Counsel to Defendant*

# Exhibit "B"

**Plaintiff's First Set of Requests for Production of Documents**

**September 5, 2019**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

UBER TECHNOLOGIES, INC.,

*Defendant*.

1:16-cv-05845-CBA-VMS

**PLAINTIFF'S FIRST
SET OF REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS</u>**

## <u>INSTRUCTIONS</u>

a.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Todd C. Bank, hereby requests that you produce and permit Plaintiff to inspect and copy, in an appointment set by mutual agreement and convenience within the area encompassed by this District, all documents and other tangible things responsive to the Requests set forth below.

b.      You are required to respond to these Requests within 30 days from the date of receipt thereof in the form and manner required by Rules 26 and 34 of the Federal Rules of Civil Procedure.

c.      In the event that any document called for by a Request is withheld on the basis of a claim of privilege, identify that document by stating: (i) its author(s), addressee(s), indicated or blind-copy recipient(s), date, subject matter, number of pages, attachments or appendices; (ii) all persons to whom the document was distributed, shown, or explained; (iii) the present custodian of the document; and (iv) the basis of the claimed privilege.

d.      If any document requested was, but no longer is, in your possession or subject to your control, state: (a) the date of its disposition; (b) the manner of its disposition (*e.g.*, lost, destroyed, or transferred to any third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

1

e.      Any Requests for documents pertaining to quantitative matters may be responded with documents showing a quantitative range if a more precise response cannot be given.

f.      Any Requests for documents pertaining to dates and/or times may be responded with documents showing a range of dates and/or times if more precise dates and/or times are not available.

g.      You must respond to each Request to the extent possible, including where you find that you are unable to respond to a portion of a Request, claim that you are entitled to not respond to a portion of a Request for any reason, or claim that a portion of a Request is not applicable for any reason.

h.      Unless otherwise indicated, each Request shall be answered with respect to the period beginning on October 19, 2013, and continuing to the present.

## **DEFINITIONS**

a.      The term "person" means any individual, corporation, firm, joint-stock company, unincorporated association, or society; a State or territory of the United States, and such State's or territory's agencies or political subdivisions; any court; and any other governmental or regulatory entity, whether international, foreign, federal, state, or local.

b.      The term "Uber" means: (i) Uber Technologies, Inc., and any predecessor or successor thereto; and (ii) any corporate parent, corporate subsidiary, or division of Uber Technologies, Inc. or any predecessor or successor thereto.

c.      The term "you" means Uber.

d.      "Bank" means Todd C. Bank, the plaintiff in this action.

e.      The term "communication" means any thoughts, opinions, or information that are imparted or interchanged by speech, writing, or signs.

f.     The term "correspondence" means any written communication that is sent or received by any means of transmission, including standard mail, express mail, private mail, courier, e-mail (including any attachments thereto), or other electronic communication, facsimile, and telephone call.

g.     The terms "any" and "and/or" mean "each" and "all."

h.     The term "document" means any written or graphic material, however produced or reproduced, of every kind and description, including but not limited to the original and any copy, regardless of origin or location, of any books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, data-processing cards, computer print-outs, e-mails, electronic record, computer record, photograph, audio recording, video, movie, or any other written, recorded, transcribed, punched, taped, filmed, photographic, or graphic matter, however produced or reproduced, to which Uber has or has had any access.

i.     The term "indicate" means to directly or indirectly do any of the following: show, reflect, refer to, or describe.

j.     The term "identify" means: (i) when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; and (ii) when referring to documents, to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

k.     The term "telephone" means a device that coverts sound and electrical waves into audible relays.

l.     The term "receiving number" means a ten-digit number consisting of a three-digit

Numbering Plan Area (NPA) code, commonly called an area code, followed by a seven-digit local number.

m.     The term "telephone call" means the transmission of any communication that is: (i) connected, directly or indirectly, to a public switched-telephone network (PSTN), and/or a voice-over-internet-protocol (VOIP) network, and/or any other network, and (ii) transmitted to a receiving number regardless of how the transmission is enabled and regardless of how many, if any, of the numbers of the receiving number are utilized in the process that enables the transmission.

n.     The term "answering system" means a physical device or electronic-storage system that can enables a person, when making a telephone call that is not answered by a live person, to leave a message that can be heard thereafter.

o.     With respect to a telephone call, the term "answer," as both a verb and noun, refers the answering of a telephone call by at least one of the following methods: (i) a person; (ii) an answering system; or (iii) a person *and* an answering system (as occurs, for example, when a call is answered by an answering system and then also answered by a person, or vice-versa ).

p.     The term "Uber Telephone Call" means a telephone call that meets each of the following criteria: (1) the telephone call is made with the intention that, if such call is answered by at least one, or one particular type, of the methods described in Paragraph "o," a previously recorded message will be played in full or in part; and (2) at least one purpose for which the telephone call is made is to request that a person listening to the message call that person's council member and request that said council member oppose, or withdraw support of, a proposed cap on the number of vehicles available in New York City through Uber's ride-sharing mobile application.

q.     The term "Uber Message" means the message described in the preceding paragraph.

r.     The term "Uber Message Telephone Number" means (212) 257-1745.

s.      The term "Uber Caller" means a person that made an Uber Telephone Call.

t.      The term "Uber Telephone Call Action" means a lawsuit in which a person alleged that Uber was liable, or a formal or informal action or proceeding in which a governmental entity alleged that Uber was legally responsible, for one or more allegedly unlawful Uber Telephone Calls.

u.      The term "Bank's Telephone Number" means (718) 261-2482.

v.      The term "Additional Uber Telephone Call" means an Uber Telephone Call that was placed to a telephone number other than Bank's Telephone Number.

w.      The term "Uber-Calling" means the placing of an Uber Telephone Call.

x.      The term "Uber-Calling Agreement" means an agreement or contract to which Uber or Responding Party Person is a party and that pertains, to any degree, to the placement of Uber Telephone Calls.

y.      The term "Complaint" means Docket Entry No. 1 in the above-captioned action.

## REQUESTS FOR COPIES OF ANY DOCUMENTS THAT:

1.      Indicate whether, how many, and when any Uber Telephone Calls were placed to Bank's Telephone Number.

2.      Indicate whether, how many, and when any Uber Telephone Calls were placed to any Additional Telephone Numbers.

3.      Indicate the telephone numbers of any Additional Telephone Numbers to which any Uber Telephone Calls were placed, and the number, dates, and times that each such call was placed.

4.      Pertain to the selecting of the telephone numbers to which Uber Telephone Calls were placed.

5.      Identify any person who placed any Uber Telephone Calls to Bank's Telephone Number.

6. Identify any person who placed any Uber Telephone Calls to any Additional Telephone Numbers.

7. Contain the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to Bank's Telephone Number.

8. Contain the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to any Additional Telephone Number.

9. Indicate the manner by, and each source from which, Additional Telephone Numbers were obtained so as to enable the placing of any Uber Telephone Calls to any Additional Telephone Numbers.

10. Reflect any relationship between Uber and any Uber Caller.

11. Constitute or include an Uber-Calling Agreement.

12. Constitute a record of any invoices relating to Uber Telephone Calls.

13. Constitute or reflect communications, agreements, or contracts between Uber and any Uber Caller.

14. Constitute a record of payments for any Uber Telephone Calls.

15. Constitute or reflect documents exchanged in discovery in any Uber Telephone Call Action.

16. Constitute a transcript of a deposition in any Uber Telephone Call Action.

17. Identify Bank.

18. Pertain to any persons whose voice was on an Uber Message.

19. Pertain to the Uber Message Telephone Number or any other telephone number that was included in any Uber Telephone Call.

20. Pertain to communications with any person regarding the allegations set forth in the

Complaint, including for each such communication, documents that evidence:

      a.     the name and position of the person(s) with whom communication occurred;

      b.     the date on which communications with such person(s) occurred;

      c.     the substance of the communications with such person(s);

      d.     the names and positions of the participants in all such communications; and

      e.     whether there is a written report of the same.

21.     Pertain to the script of any Uber Telephone Call.

22.     Reflect or show the identification of any Uber Caller whose contractual relationship with Uber was terminated by Uber based upon allegations of one or more violations, or findings of one or more violations, of GBL § 399-p.

23.     Reflect or show the bases for any terminations to which the preceding Request refers.

24.     Reflect or show any allegations findings by any governmental entity regarding violations of GBL § 399-p by Uber.

25.     That refer to any Uber Telephone Calls.

26.     Constitute or reflect a statement that was taken from any person concerning the allegations set forth in the Complaint, whether such statement was taken by Uber or any other person.

27.     Constitute a statement that was taken from any person concerning the allegations set forth in any Uber Telephone Call Action, whether such statement was taken by Uber or any other person.

28.     Constitute or reflect an investigation concerning the allegations set forth in the Complaint, whether such investigation was made by Uber or any other person.

29.     Constitute or reflect an investigation concerning the allegations set forth in any Uber

Telephone Call Action, whether such investigation was made by Uber or any other person.

30.     Are the basis for Uber's responses to Bank's First Set of Interrogatories.

31.     Corroborate Uber's responses to Bank's First Set of Interrogatories.

32.     Conflict with Uber's responses to Bank's First Set of Interrogatories.

33.     Are described, or referred to, in Uber's responses to Bank's First Set of Interrogatories.

Dated: September 5, 2019

    *s/ Todd C. Bank*

TODD C. BANK,
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125
By: Todd C. Bank

*Counsel to Plaintiff*

TO:     MORRISON & FOERSTER LLP
        250 West 55th Street
        New York, New York  10019

# Exhibit "C"

**Defendant's Response to Plaintiff's
First Set of Interrogatories**

**October 7, 2019**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

                                    *Plaintiff,*

                -against-

UBER TECHNOLOGIES, INC.,

                                    *Defendant.*

1:16-cv-05845-CBA-VMS

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Uber

Technologies, Inc., ("Defendant" or "Uber"), by its attorneys, objects to and responds to the First

Set of Interrogatories (the "Interrogatories") by Plaintiff Todd C. Bank ("Plaintiff"), as follows:

## **GENERAL OBJECTIONS**

The objections set forth in this section apply to each of the Interrogatories as if each were

set forth in full response to each Interrogatory. The assertion of the same, similar, or additional

objections in Uber's specific objections to individual Interrogatories, or the failure to assert any

additional objection to an Interrogatory, does not waive any of Uber's objections set forth in this

section or the following sections. In addition, Uber's investigation into Plaintiff's allegations

remains ongoing, and Uber will supplement its responses as necessary consistent with the

Federal Rules of Civil Procedure.

1.      Defendant objects to the Definitions to the extent they seek to create any

obligation to provide information in a manner not required under the Federal Rules of Civil

Procedure, Local Civil Rules, or other applicable law. Uber expressly disclaims any such

obligation and objects to any attempt to impose any further or greater obligation upon it to

1

ny-1763397

collect or produce information or to supplement these responses, except as may be imposed by law, regulation, or court order.

2.      These objections are made without waiving or intending to waive, but rather intending to preserve and preserving:  (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceedings; (b) the right to object to the use of any documents (or the subject matter thereof) that may be produced in the trial of this or any other action or any subsequent proceedings on any grounds; (c) the right to preserve, prior to providing and as a condition of providing, the confidentiality or the proprietary nature of any information that may be provided or the subject matter thereof; (d) the right to object on any ground at any time to a demand for further information or other discovery involving or relating to the subject matter of the Interrogatories; and (e) the right at any time to revise, supplement, clarify, or amend the responses and objections to the Interrogatories, if further factual developments or analysis warrants a modification, or if additional information is obtained or documents are located that are properly called for by the Interrogatories.

3.      Uber objects to each Interrogatory to the extent that it seeks information that is not relevant to the claims and defenses in this action.  To the extent the Interrogatories seek any information or documents outside the scope of discoverable information, the Interrogatories are overbroad and call for information that is outside the scope of the issues relevant to this case.

4.      Uber objects to the Interrogatories to the extent that they seek to impose an obligation on Defendant to search for information beyond where such information would be reasonably likely to be kept in the ordinary course of business, or to search for information in the

files of custodians as to which Uber reasonably expects would result in a production that is largely duplicative or otherwise of insignificant relevance to the matters at issue in this action.

5.      Uber objects to the First Set of Interrogatories to the extent that it contains erroneous or contentious factual allegations or legal assertions, or assumes facts not in evidence. By responding and objecting to the First Set of Interrogatories, Uber does not admit the correctness of such allegations or assertions.

6.      Uber objects to the First Set of Interrogatories insofar as any individual Interrogatory is vague, ambiguous, unreasonable, overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence, or not proportional to the needs of this case.

7.      Uber objects to the Interrogatories to the extent they seek information already in Plaintiff's possession, custody, or control, whether publicly available or otherwise equally available to Plaintiff.

8.      Uber objects to the First Set of Interrogatories to the extent that any Interrogatory is duplicative of any other Interrogatory therein or of any other requests for discovery sought by Plaintiff.

9.      Uber objects to the First Set of Interrogatories to the extent that any individual Interrogatory seeks a legal conclusion, opinion, and/or argument in response.

10.     Uber objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the consulting expert privilege, the attorney work-product doctrine, or any other applicable restriction upon discovery.  Inadvertent disclosure of information that is privileged, protected from disclosure, or otherwise immune from discovery shall not constitute a waiver of any privilege or protection or the right to object to the use of the information that was inadvertently disclosed.  Uber reserves the right to recall from discovery

any inadvertently produced information that is protected by the attorney-client privilege, by the work product doctrine, or by any other applicable privilege, protection, or immunity from disclosure.

11.     Uber objects to each Interrogatory to the extent that it seeks any confidential, proprietary, and/or trade secret information.  Uber further objects to each Interrogatory to the extent that it seeks information that may contain personal identifying information, implicate privacy concerns of individuals, and the production of which to Plaintiff without proper consent or authorization may violate privacy laws.

12.     Uber objects to the First Set of Interrogatories, including the Instructions thereto, to the extent it provides for a relevant time period "beginning on October 19, 2013, and continuing to present," and seeks information created outside the time period for which Plaintiff's claims, and the class of any putative class members, would be barred by any applicable statute of limitations or release.

13.     Uber objects to the Interrogatories to the extent that they seek information concerning putative class members.

14.     Uber objects to the First Set of Interrogatories to the extent it seeks private, confidential customer information, including information about customers that are not represented by Plaintiff's counsel.

15.     Uber objects to each Interrogatory to the extent that it defines a term inconsistent with any definitions of such term in the Federal Rules of Civil Procedure and any applicable Local Rule or Order of this Court.

16.     Uber objects to the purported definitions in the Interrogatories to the extent that they require words to be construed in any manner other than their plain meaning.  To the extent

that Uber adopts or uses any term or phrase purportedly defined in the Interrogatories, it does so solely for convenience in responding to the Interrogatories, and Uber does not accept or concede that any of the terms, phrases, or definitions are appropriate, descriptive, or accurate.

17.     Uber objects to the definition of "Uber," "You," and "Your," as overbroad to the extent it defines these terms beyond Defendant and its employees.  To the extent Uber agrees to provide information, it will only provide information in its possession, custody, or control.

18.     Uber objects to the definition of "communication," "correspondence," and "document" as used in the First Set of Interrogatories to the extent that they seek to impose obligations beyond the scope of Federal Rule of Civil Procedure 34(a). Uber also objects to these definitions as unreasonable, unduly burdensome, and unnecessary to the extent they purport to require Uber to produce the original of each document described in the First Set of Interrogatories. Uber objects to the definition of "document" to the extent it purports to require the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.  *See* Fed. R. Civ. P. 26(b)(2)(B).  To the extent that significant expense and/or assistance of third party vendors would be required to restore or otherwise render electronically stored information accessible, Uber objects to producing it.

19.     Uber objects to the definition of "indicate" and "identify" as used in the First Set of Interrogatories to the extent that they seek to impose obligations beyond the scope of Federal Rules of Civil Procedure 33 and 34(a).  Uber also objects to these definitions as unreasonable, unduly burdensome, and unnecessary to the extent that they purport to require Uber to "identify" documents that could be identified by Plaintiff through a review of the documents that will be or have already been produced by Uber in connection with Plaintiff's First Set of Requests or any other request for production by Plaintiff.

20.     Uber objects to the definitions of "telephone," "receiving number," "telephone call," "answering system," and "answer" as used in the First Set of Interrogatories as vague and ambiguous. Uber also objects to these terms as overly broad and unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of this case. To the extent that Uber adopts or uses these terms, it does so solely for convenience in responding to the First Set of Interrogatories. In doing so, Uber does not accept, concede, or propose that any specific definition for these terms is appropriate, descriptive, or accurate.

21.     Uber objects to the definitions of "Uber Telephone Call" and "Additional Uber Telephone Call" as used in the First Set of Interrogatories as vague and ambiguous. Uber also objects to these terms as overly broad and unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of this case. To the extent that Uber adopts or uses these terms, it does so solely for convenience in responding to the First Set of Interrogatories. In doing so, Uber does not accept, concede, or purpose that any specific definition for these terms is appropriate, deceptive, or accurate.

22.     Uber objects to the definitions "Uber Message," "Uber Caller," and "Uber Telephone Call" as vague and ambiguous. Uber also objects to these terms as overly broad and unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of this case. To the extent that Uber adopts or uses these terms, it does so solely for convenience in responding to the First Set of Interrogatories. In doing so, Uber does not accept, concede, or purpose that any specific definition for these terms is appropriate, deceptive, or accurate.

Subject to the foregoing General Objections and to the specific objections set forth below, and without waiving any of them, Uber submits the following responses to the

Interrogatories:

**<u>INTERROGATORY NO. 1</u>:**

State whether, how many, and when any Uber Telephone Calls were placed to Bank's Telephone Number.

**<u>RESPONSE TO INTERROGATORY NO. 1</u>:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls."  Uber also objects to this Interrogatory on the grounds that it is compound.  Uber further objects to this Interrogatory on the grounds that it seeks information that is already within Plaintiff's possession, custody, and control.  Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control.  Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 1.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**<u>INTERROGATORY NO. 2</u>:**

State whether, how many, and when any Uber Telephone Calls were placed to any Additional Telephone Numbers.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Additional Telephone Numbers" and "Uber Telephone Calls."  Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this

7

litigation.  Uber also objects to this Interrogatory on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the First Set of Interrogatories.  Uber also objects to this Interrogatory on the grounds that it is compound. Uber further objects to this Interrogatory to the extent that it seeks information that is not within Uber's possession, custody, or control.  Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber.  Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy.  Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 2.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**INTERROGATORY NO. 3:**

State the telephone numbers of any Additional Telephone Numbers to which any Uber Telephone Calls were placed, and the number, dates, and times that each such call was placed.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Additional Telephone Numbers" and "Uber Telephone Calls."  Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber also objects to this Interrogatory on the grounds that "Additional Telephone

Numbers" appears to be a defined term, but no definition for this term is provided in the First Set of Interrogatories. Uber also objects to this Interrogatory on the grounds that it is compound. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 3.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**INTERROGATORY NO. 4:**

Describe all information that Uber possessed regarding the telephone numbers to which Uber Telephone Calls were placed.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it seeks "all information" and uses the term "Uber Telephone Calls." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information

protected by attorney-client privilege and/or the work product doctrine. Uber objects to this Interrogatory to the extent it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 9.

**INTERROGATORY NO. 5:**

Describe all criteria that governed the selection of the telephone numbers to which Uber Telephone Calls were placed.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it seeks "all criteria" and uses the term "Uber Telephone Calls." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber objects to this Interrogatory on the grounds that the terms "criteria," "governed," and "selection" are vague and ambiguous. Uber further objects to this Interrogatory on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production Nos. 4 and 9.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

10

**INTERROGATORY NO. 6:**

Identify any person who placed any Uber Telephone Calls to Bank's Telephone Number.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 5.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**INTERROGATORY NO. 7:**

Identify any person who placed any Uber Telephone Calls to any Additional Telephone Numbers.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Uber Telephone Calls" and "Additional Telephone Number." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this

11

litigation.  Uber further objects to this Interrogatory on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the First Set of Interrogatories.  Uber also objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control.  Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber.  Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy.  Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 6.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**INTERROGATORY NO. 8:**

Quote the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to Bank's Telephone Number.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls."  Uber also objects to this Interrogatory on the grounds that the phrase "intended to be played" is vague and ambiguous.  Uber further objects to this Interrogatory on the grounds that it seeks information

that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 7.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

## INTERROGATORY NO. 9:

Quote the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to any Additional Telephone Number.

## RESPONSE TO INTERROGATORY NO. 9:

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Uber Telephone Calls" and "Additional Telephone Number." Uber also objects to this Interrogatory on the grounds that the phrase "intended to be played" is vague and ambiguous. Uber further objects to this Interrogatory on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the First Set of Interrogatories. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber

13

also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 8.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

## INTERROGATORY NO. 10:

Describe the manner by, and each source from which, Additional Telephone Numbers were obtained so as to enable the placing of any Uber Telephone Calls to any Additional Telephone Numbers.

## RESPONSE TO INTERROGATORY NO. 10:

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Uber Telephone Calls" and "Additional Telephone Number." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the First Set of Interrogatories. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Interrogatory to the extent that it seeks information protected by attorney-

client privilege and/or the work product doctrine.  Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Interrogatory No. 5 and Request for Production Nos. 4 and 9.

**INTERROGATORY NO. 11:**

Describe any relationship between Uber and any Uber Caller.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "any relationship."  Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 10.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**INTERROGATORY NO. 12:**

Describe any Uber-Calling Agreement.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber-Calling Agreement."  Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this

15

action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that "Uber-Calling Agreement" is vague and ambiguous and appears to be a defined term, but no definition for this term is provided in the First Set of Interrogatories. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 11. Uber further objects to this Interrogatory as overbroad and unduly burdensome because it asks Uber to describe the contents of documents that speak for themselves.

**INTERROGATORY NO. 13:**

State the amount of money that Uber paid for the placement of Uber Telephone Calls.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 12.

**INTERROGATORY NO. 14:**

Describe all communications, agreements, or contracts between Uber and any Uber Caller.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent it seeks "all communications, agreements, or contracts." Uber

further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that it is duplicative of Interrogatory Nos. 11 and 12 and Plaintiff's Request for Production Nos. 11, 12, and 13.  Uber further objects to this Interrogatory as overbroad and unduly burdensome because it asks Uber to describe the contents of documents that speak for themselves.

**INTERROGATORY NO. 15:**

Identify all depositions in any Uber Telephone Call Action.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent it uses the phrase "all depositions."  Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.   Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber.  Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy.  Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 16.

**INTERROGATORY NO. 16:**

Identify all persons whose voice was on an Uber Message.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 18.

**INTERROGATORY NO. 17:**

Describe the nature of the Uber Message Telephone Number and any other telephone number that was included in any Uber Telephone Call.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent it uses the term "Uber Telephone Call." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that the term "nature" is vague and ambiguous. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 19.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if

any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**INTERROGATORY NO. 18:**

State how, if at all, a person could contact a person whose voice was on an Uber Message.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control.

**INTERROGATORY NO. 18 [SIC]:**

State how, if at all, any Uber Message enabled a person to contact Uber.

**RESPONSE TO INTERROGATORY NO. 18 [SIC]:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if

any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

## INTERROGATORY NO. 19:

Describe all communications with any person regarding the allegations set forth in the Complaint, including for each such communication:

      a.   the name and position of the person(s) with whom communication occurred;

      b.   the date on which communications with such person(s) occurred;

      c.   the substance of the communications with such person(s);

      d.   the names and positions of the participants in all such communications; and

      e.   whether there is a written report of the same.

## RESPONSE TO INTERROGATORY NO. 19:

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it seeks information regarding "all communications." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that it is compound. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 20. Uber further objects to this Interrogatory as overbroad and unduly burdensome because it asks Uber to describe the contents of documents that speak for themselves. In addition, Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.

**INTERROGATORY NO. 20:**

Pertain to the script of any Uber Telephone Call.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is unintelligible, overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that term "pertain" is vague and ambiguous. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 21.

**INTERROGATORY NO. 21:**

Identify any Uber Caller whose contractual relationship with Uber was terminated by Uber based upon allegations of one or more violations, or findings of one or more violations, of GBL § 399-p.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it relies on erroneous factual or legal assertions, and calls for a legal conclusion. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 22.

ny-1763397

**INTERROGATORY NO. 22:**

Describe the bases for any terminations to which the preceding Request refers.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it relies on erroneous factual or legal assertions, and calls for a legal conclusion. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 23.

**INTERROGATORY NO. 23:**

Identify any allegations findings by any governmental entity regarding violations of GBL § 399-p by Uber.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that term "allegations findings" is vague and ambiguous. Uber also objects to this Interrogatory to the extent it relies on erroneous factual or legal assertions, and calls for a legal conclusion. Uber objects to this Interrogatory on the

grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 24.

**INTERROGATORY NO. 24:**

Identify all documents that refer to any Uber Telephone Calls.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to its General Objections, Uber objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "all documents," and "any Uber Telephone Calls." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber objects to this Interrogatory on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 25.

**INTERROGATORY NO. 25:**

Identify all statements that were taken from any person concerning the allegations set forth in the Complaint, whether such statements were taken by Uber or any other person.

**RESPONSE TO INTERROGATORY NO. 25:**

In addition to its General Objections, Uber objects to this Interrogatory as excessive given that it exceeds the limit of twenty-five interrogatories under Rule 33 pf the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order dated September 5, 2019. Uber also objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "all statements," "any person," "any Uber Telephone Call Action," and "by Uber any other person." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Interrogatory on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber objects to this Interrogatory on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 26.

**INTERROGATORY NO. 26:**

Identify all persons who were consulted with respect to, or who participated in, the Preparation of Uber's responses to Bank's discovery requests served on September 5, 2019, and the role of each such person.

**RESPONSE TO INTERROGATORY NO. 26:**

In addition to its General Objections, Uber objects to this Interrogatory as excessive given that it exceeds the limit of twenty-five interrogatories under Rule 33 pf the Federal Rules

of Civil Procedure and the Court's Initial Scheduling Order dated September 5, 2019. Uber also objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Interrogatory to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine.

**INTERROGATORY NO. 27:**

Identify all statements that were taken from any person concerning the allegations set forth in any Uber Telephone Call Action, whether such statements were taken by Uber or any other person.

**RESPONSE TO INTERROGATORY NO. 27:**

In addition to its General Objections, Uber objects to this Interrogatory as excessive given that it exceeds the limit of twenty-five interrogatories under Rule 33 pf the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order dated September 5, 2019. Uber also objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "all statements," "any person," "any Uber Telephone Call Action," and "by Uber any other person" without limitation to the claims or defenses in this case. Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber objects to this Interrogatory on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information

protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 27.

**INTERROGATORY NO. 28:**

Identify all investigations concerning the allegations set forth in the Complaint, whether such investigations were made by Uber or any other person.

**RESPONSE TO INTERROGATORY NO. 28:**

In addition to its General Objections, Uber objects to this Interrogatory as excessive given that it exceeds the limit of twenty-five interrogatories under Rule 33 pf the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order dated September 5, 2019. Uber also objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it seeks information on "all investigations" and uses the terms "any Uber Telephone Call Action," "by Uber any other person." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Interrogatory on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 28.

**INTERROGATORY NO. 29:**

Identify all investigations concerning the allegations set forth in any Uber Telephone Call Action, whether such investigation was made by Uber or any other person.

26

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to its General Objections, Uber objects to this Interrogatory as excessive given that it exceeds the limit of twenty-five interrogatories under Rule 33 of the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order dated September 5, 2019. Uber also objects to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it seeks information on "all investigations" and uses the terms "any Uber Telephone Call Action," "by Uber any other person." Uber further objects to this Interrogatory because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber objects to this Interrogatory on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Interrogatory to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Interrogatory to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production No. 29.

Dated: October 7, 2019

David Fioccola
Adam J. hunt
Tiffani Figueroa
MORRISON & FOERSTER LLP

By: ___*/s/ David Fioccola*_____
      DAVID FIOCCOLA

Attorneys for Defendants
UBER TECHNOLOGIES, INC.

ny-1763397

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and complete copy of the foregoing document, **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES,** to be served via courier on the following counsel of record:

TODD C. BANK
ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
*Counsel for Plaintiff*

*/s/ David Fioccola*
David Fioccola

ny-1763397

# Exhibit "D"

**Defendant's Response to Plaintiff's Discovery
First Set of Requests for Production of Documents**

**October 7, 2019**

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff,*

-against-

UBER TECHNOLOGIES, INC.,

*Defendant.*

1:16-cv-05845-CBA-VMS

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Uber

Technologies, Inc. ("Defendant" or "Uber"), by its attorneys, objects to and responds to the First

Set of Requests for Production of Documents (the "Requests") by Plaintiff Todd C. Bank

("Plaintiff"), as follows:

## GENERAL OBJECTIONS

The objections set forth in this section apply to each of the Requests as if each were set

forth in full response to each Request. The assertion of the same, similar, or additional

objections in Uber's specific objections to individual Requests, or the failure to assert any

additional objection to a Request, does not waive any of Uber's objections set forth in this

section or the following sections. In addition, Uber's investigation into Plaintiff's allegations

remains ongoing, and Uber will supplement its responses as necessary consistent with the

Federal Rules of Civil Procedure.

1.    Defendant objects to the Definitions to the extent they seek to create any

obligation to provide information or documents in a manner not required under the Federal Rules

of Civil Procedure, Local Civil Rules, or other applicable law. Uber expressly disclaims any

such obligation and objects to any attempt to impose any further or greater obligation upon it to collect or produce information or to supplement these responses, except as may be imposed by law, regulation, or court order.

2. These objections are made without waiving or intending to waive, but rather intending to preserve and preserving: (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceedings; (b) the right to object to the use of any documents (or the subject matter thereof) that may be produced in the trial of this or any other action or any subsequent proceedings on any grounds; (c) the right to preserve, prior to production and as a condition of production, the confidentiality or the proprietary nature of any documents that may be produced or the subject matter thereof; (d) the right to object on any ground at any time to a demand for further production or other discovery involving or relating to the subject matter of the Requests; and (e) the right at any time to revise, supplement, clarify, or amend the responses and objections to the Requests, if further factual developments or analysis warrants a modification, or if additional information is obtained or documents are located that are properly called for by the Requests.

3. Uber objects to each Request to the extent that it seeks information that is not relevant to the claims and defenses in this action. To the extent the Requests seek any information or documents outside the scope of discoverable information, the Requests are overbroad and call for the production of materials that are outside the scope of the issues relevant to this case.

4. Uber objects to the Requests to the extent that they seek to impose an obligation on Defendant to search for documents beyond where such documents would be reasonably likely

to be kept in the ordinary course of business, or to search for documents in the files of custodians as to which Uber reasonably expects would result in a production that is largely duplicative or otherwise of insignificant relevance to the matters at issue in this action.

5.      Uber objects to the Requests to the extent they purport to require the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.  *See* Fed. R. Civ. P. 26(b)(2)(B).  To the extent that significant expense and/or assistance of third-party vendors would be required to restore or otherwise render electronically stored information accessible, Uber objects to producing it.

6.      Uber objects to the Requests to the extent they seek documents or information already in Plaintiffs' possession, custody, or control, whether publicly available or otherwise equally available to Plaintiffs.

7.      Uber objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the consulting expert privilege, the attorney work product doctrine, or any other applicable restriction upon discovery.  Inadvertent disclosure of any information that is privileged, protected from disclosure, or otherwise immune from discovery shall not constitute a waiver of any privilege or protection or the right to object to the use of the information that was inadvertently disclosed.  Uber reserves the right to recall from discovery any inadvertently produced document that is protected by the attorney-client privilege, by the work product doctrine, or by any other applicable privilege, protection, or immunity from disclosure.

8.      Uber objects to the Requests to the extent that they contain erroneous or contentious factual allegations or legal assertions, or assume facts not in evidence. By responding and objecting to the Requests, Uber does not admit the correctness of such allegations or assertions.

ny-1763396

9.    Uber objects to the Requests to the extent that any Request is duplicative of any other Request therein or of any other requests for discovery sought by Plaintiff.

10.    Uber objects to the Requests insofar as any individual Request is vague, ambiguous, unreasonable, overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence, or not proportional to the needs of this case.

11.    Uber objects to each Request to the extent that it seeks any confidential, proprietary, and/or trade secret information.  Uber further objects to each Request to the extent that it seeks production of documents that may contain personal identifying information, implicate privacy concerns of individuals, and the production of which to Plaintiff without proper consent or authorization may violate privacy laws.

12.    Uber objects to each Request to the extent that it defines a term inconsistent with any definitions of such term in the Federal Rules of Civil Procedure and any applicable Local Rule or Order of this Court.

13.    Uber objects to the Requests, including the Instructions thereto, to the extent they provide for a relevant time period "beginning on October 19, 2013, and continuing to present," and seeks information created outside the time period for which Plaintiff's claims, and the class of any putative class members, would be barred by any applicable statute of limitations or release.

14.    Uber objects to the Requests to the extent that they seek information concerning putative class members.

15.    Uber objects to the Requests to the extent they seeks private, confidential customer information, including information about customers that are not represented by Plaintiff's counsel.

16.     Uber objects to the purported definitions in the Requests to the extent that they require words to be construed in any manner other than their plain meaning.  To the extent that Uber adopts or uses any term or phrase purportedly defined in the Requests, it does so solely for convenience in responding to the Requests, and Uber does not accept or concede that any of the terms, phrases, or definitions are appropriate, descriptive, or accurate.

17.     Uber objects to the definition of "Uber," "You," and "Your," as overbroad to the extent it defines these terms beyond Defendants and their employees. To the extent Uber agrees to produce documents, it will only produce documents in its possession, custody, or control.

18.     Uber objects to the definition of "communication," "correspondence," and "document" as used in the Requets to the extent that they seek to impose obligations beyond the scope of Federal Rule of Civil Procedure 34(a). Uber also objects to these definitions as unreasonable, unduly burdensome, and unnecessary to the extent they purport to require Uber to produce the original of each document described in the Requests. Uber objects to the definition of "document" to the extent it purports to require the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 26(b)(2)(B).  To the extent that significant expense and/or assistance of third party vendors would be required to restore or otherwise render electronically stored information accessible, Uber objects to producing it.

19.     Uber objects to the definition of "indicate" and "identify" as used in the Requests to the extent that they seek to impose obligations beyond the scope of Federal Rules of Civil Procedure 33 and 34(a).  Uber also objects to these definitions as unreasonable, unduly burdensome, and unnecessary to the extent that they purport to require Uber to "identify" documents that could be identified by Plaintiff through a review of the documents that will be or

have already been produced by Uber in connection with Plaintiff's Requests or any other request for production by Plaintiff.

20. Uber objects to the definitions of "telephone," "receiving number," "telephone call," "answering system," and "answer" as used in the Requests as vague and ambiguous. Uber also objects to these terms as overly broad and unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of this case. To the extent that Uber adopts or uses these terms, it does so solely for convenience in responding to the Requets. In doing so, Uber does not accept, concede, or propose that any specific definition for these terms is appropriate, descriptive, or accurate.

21. Uber objects to the definitions of "Uber Telephone Call" and "Additional Uber Telephone Call" as used in the Requets as vague and ambiguous. Uber also objects to these terms as overly broad and unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of this case. To the extent that Uber adopts or uses these terms, it does so solely for convenience in responding to the Requests. In doing so, Uber does not accept, concede, or purpose that any specific definition for these terms is appropriate, deceptive, or accurate.

22. Uber Uber objects to the definitions "Uber Message," "Uber Caller," and "Uber Telephone Call" as vague and ambiguous. Uber also objects to these terms as overly broad and unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of this case. To the extent that Uber adopts or uses these terms, it does so solely for convenience in responding to the Requests. In doing so, Uber does not accept, concede, or purpose that any specific definition for these terms is appropriate, deceptive, or accurate.

6

23. Any statement herein that Uber will produce documents responsive to any Request does not imply that Uber has located documents responsive to the Request, or that any such documents exist. Rather, any such statement means that Uber will conduct a reasonable search for responsive documents and produce any non-privileged documents that are located through that search.

24. Uber objects to the Instructions to the Requests to the extent that they seek to impose an obligation on Uber to search for information beyond where such information would be reasonably likely to be kept in the ordinary course of business, or to search for information in the files of custodians as to which Uber reasonably expects would result in a production that is largely duplicative or otherwise of insignificant relevance to the matters at issue in this action. For purposes of preparing the Responses below and producing relevant documents, Uber has made and will make a reasonable inquiry and investigation, including inquiring with key personnel and individuals most likely to know of the existence of responsive documents, but Uber is not undertaking to survey or search the records of all of its employees.

Subject to the foregoing General Objections and to the specific objections set forth below, and without waiving any of them, Uber submits the following responses to the Requests:

**REQUEST FOR PRODUCTION NO. 1:**

Indicate whether, how many, and when any Uber Telephone Calls were placed to Bank's Telephone Number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls." Uber also objects to this Request on the grounds that it is compound. Uber further objects to this Request on the

grounds that it seeks information that is already within Plaintiff's possession, custody, and control. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 1.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Indicate whether, how many, and when any Uber Telephone Calls were placed to any Additional Telephone Numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Additional Telephone Numbers" and "Uber Telephone Calls." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the Requests. Uber also objects to this Request on the grounds that it is compound. Uber further objects to this Request to the extent that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from

disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 2.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

## REQUEST FOR PRODUCTION NO. 3:

Indicate the telephone numbers of any Additional Telephone Numbers to which any Uber Telephone Calls were placed, and the number, dates, and times that each such call was placed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Additional Telephone Numbers" and "Uber Telephone Calls." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the Requests. Uber also objects to this Request on the grounds that it is compound. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 3.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

## REQUEST FOR PRODUCTION NO. 4:

Pertain to the selecting of the telephone numbers to which Uber Telephone Calls were placed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls."  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber also objects to this Request on the grounds that term "pertain to" is vague and ambiguous.  Uber further objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.  Uber objects to this Request to the extent it seeks information protected from disclosure by a confidentiality agreement or right of privacy.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 5.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Identify any person who placed any Uber Telephone Calls to Bank's Telephone Number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls."  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber also objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 6.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Identify any person who placed any Uber Telephone Calls to any Additional Telephone Numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Uber Telephone Calls" and "Additional Telephone Number."  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that "Additional Telephone Numbers"

11

appears to be a defined term, but no definition for this term is provided in the Requests. Uber also objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 7.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Contain the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to Bank's Telephone Number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls." Uber also objects to this Request on the grounds that the phrase "intended to be played" is vague and ambiguous. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 8.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

## REQUEST FOR PRODUCTION NO. 8:

Contain the scripts that were intended to be played upon the answering of each Uber Telephone Call that was placed to any Additional Telephone Number.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Uber Telephone Calls" and "Additional Telephone Number."  Uber also objects to this Request on the grounds that the phrase "intended to be played" is vague and ambiguous.  Uber further objects to this Request on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the Requests.  Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control.  Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber.  Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 9.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if

any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Indicate the manner by, and each source from which, Additional Telephone Numbers were obtained so as to enable the placing of any Uber Telephone Calls to any Additional Telephone Numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "Uber Telephone Calls" and "Additional Telephone Number." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that "Additional Telephone Numbers" appears to be a defined term, but no definition for this term is provided in the Requests. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Request to the extent that it seeks information protected by attorney-

client privilege and/or the work product doctrine.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatories Nos. 5 and 10.

**REQUEST FOR PRODUCTION NO. 10:**

Reflect any relationship between Uber and any Uber Caller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "any relationship."  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 11.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.  Uber further notes that it has already produced the Services Agreement between Uber and Campaign Communication Solutions, Inc. d/b/a: Stones' Phones, effective July 8, 2015.

**REQUEST FOR PRODUCTION NO. 11:**

Constitute or include an Uber-Calling Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber-Calling Agreement."  Uber further

objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that "Uber-Calling Agreement" is vague and ambiguous and appears to be a defined term, but no definition for this term is provided in the Requests. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 12.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request. Uber further notes that it has already produced the Services Agreement between Uber and Campaign Communication Solutions, Inc. d/b/a: Stones' Phones, effective July 8, 2015.

**REQUEST FOR PRODUCTION NO. 12:**

Constitute a record of any invoices relating to Uber Telephone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against

16

Uber.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 13.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Constitute or reflect communications, agreements, or contracts between Uber and any Uber Caller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case.  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that it is duplicative of Interrogatory Nos. 14 and Plaintiff's Request Nos. 11 and 12.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.  Uber further notes that it has already produced the Services Agreement between Uber and Campaign Communication Solutions, Inc. d/b/a: Stones' Phones, effective July 8, 2015.

**REQUEST FOR PRODUCTION NO. 14:**

Constitute a record of payments for any Uber Telephone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "Uber Telephone Calls." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Request No. 12 and Interrogatory No. 13.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Constitute or reflect documents exchanged in discovery in any Uber Telephone Call Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to

18

arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy.

**REQUEST FOR PRODUCTION NO. 16:**

Constitute a transcript of a deposition in any Uber Telephone Call Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 17:**

Identify Bank.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's

possession, custody, or control. Uber also objects to this Request on the grounds that it seeks

information protected by attorney-client privilege and/or the work product doctrine.

## REQUEST FOR PRODUCTION NO. 18:

Pertain to any persons whose voice was on an Uber Message.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to its General Objections, Uber objects to this Request on the grounds that it

is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the

case. Uber further objects to this Request because it is not tailored to the claims or defenses of

any party to this action and seeks information that is not relevant to this litigation. Uber also

objects to this Request on the grounds that term "pertain to" is vague and ambiguous. Uber

further objects to this Request on the grounds that it seeks information that is not within Uber's

possession, custody, or control. Uber also objects to this Request on the grounds that it is

duplicative of Plaintiff's Interrogatory No. 16.


## REQUEST FOR PRODUCTION NO. 19:

Pertain to the Uber Message Telephone Number or any other telephone number that was

included in any Uber Telephone Call.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to its General Objections, Uber objects to this Request on the grounds that it

is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the

case, including to the extent it uses the term "Uber Telephone Call." Uber further objects to this

Request because it is not tailored to the claims or defenses of any party to this action and seeks

information that is not relevant to this litigation. Uber also objects to this Request on the

grounds that the term "pertain to" is vague and ambiguous. Uber further objects to this Request

on the grounds that it seeks information that is not within Uber's possession, custody, or control.

Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 17.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request

## REQUEST FOR PRODUCTION NO. 20:

Pertain to communications with any person regarding the allegations set forth in the Complaint, including for each such communication, documents that evidence:

 a. the name and position of the person(s) with whom communication occurred;

 b. the date on which communications with such person(s) occurred;

 c. the substance of the communications with such person(s);

 d. the names and positions of the participants in all such communications; and

 e. whether there is a written report of the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that term "pertain to" is vague and ambiguous. Uber also objects to this Request on the grounds that it is compound. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory

No. 19.  In addition, Uber objects to this Request on the grounds that it seeks information

protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Uber

responds as follows:  Uber states that it will provide responsive, non-privileged information, if

any, located subject to a reasonable and diligent search, after meeting and conferring with

Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Pertain to the script of any Uber Telephone Call.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, Uber objects to this Request on the grounds that it

is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the

case, including to the extent it uses the term 'Uber Telephone Call."  Uber further objects to this

Request because it is not tailored to the claims or defenses of any party to this action and seeks

information that is not relevant to this litigation.  Uber also objects to this Request on the

grounds that term "pertain to" is vague and ambiguous. Uber further objects to this Request on

the grounds that it seeks information that is not within Uber's possession, custody, or control.

Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory

No. 20.

Subject to and without waiving the foregoing General and Specific Objections, Uber

responds as follows:  Uber states that it will provide responsive, non-privileged information, if

any, located subject to a reasonable and diligent search, after meeting and conferring with

Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Reflect or show the identification of any Uber Caller whose contractual relationship with Uber was terminated by Uber based upon allegations of one or more violations, or findings of one or more violations, of GBL § 399-p.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it relies on erroneous factual or legal assertions, and calls for a legal conclusion. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 21.

**REQUEST FOR PRODUCTION NO. 23:**

Reflect or show the bases for any terminations to which the preceding Request refers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it relies on erroneous factual or legal assertions, and calls for a legal conclusion. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 22.

**REQUEST FOR PRODUCTION NO. 24:**

Reflect or show any allegations findings by any governmental entity regarding violations of GBL § 399-p by Uber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that term "allegations findings" is vague and ambiguous. Uber also objects to this Request to the extent it relies on erroneous factual or legal assertions, and calls for a legal conclusion. Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 23.

**REQUEST FOR PRODUCTION NO. 25:**

That refer to any Uber Telephone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the term "any Uber Telephone Calls." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against

24

Uber.  Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy.  Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.  Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 24.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Constitute or reflect a statement that was taken from any person concerning the allegations set forth in the Complaint, whether such statement was taken by Uber or any other person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "any person," "any Uber Telephone Call Action," and "by Uber any other person."  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber also objects to this Request on the grounds that the term "statement" is vague and ambiguous.  Uber further objects to this Request on the grounds that it seeks information that is not within Uber's possession, custody, or control.  Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber.  Uber further objects to

this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 25.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Constitute a statement that was taken from any person concerning the allegations set forth in any Uber Telephone Call Action, whether such statement was taken by Uber or any other person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "any person," "any Uber Telephone Call Action," and "by Uber any other person." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that the term "statement" is vague and ambiguous. Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a

confidentiality agreement or right of privacy. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 27.

**REQUEST FOR PRODUCTION NO. 28:**

Constitute or reflect an investigation concerning the allegations set forth in the Complaint, whether such investigation was made by Uber or any other person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it uses the terms "any Uber Telephone Call Action," "by Uber any other person." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber also objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 28.

**REQUEST FOR PRODUCTION NO. 29:**

Constitute or reflect an investigation concerning the allegations set forth in any Uber Telephone Call Action, whether such investigation was made by Uber or any other person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case, including to the extent that it seeks information on "all investigations" and uses the terms "any Uber Telephone Call Action," "by Uber any other person." Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber objects to this Request on the grounds that

it seeks information protected by attorney-client privilege and/or the work product doctrine. Uber also objects to this Request to the extent it seeks information regarding the claims of individuals who entered into an agreement with Uber to arbitrate the claims at issue against Uber. Uber further objects to this Request to the extent that it seeks information protected from disclosure by a confidentiality agreement or right of privacy. Uber also objects to this Request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 29.

**REQUEST FOR PRODUCTION NO. 30:**

Are the basis for Uber's responses to Bank's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case. Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation. Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Corroborate Uber's responses to Bank's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the

case.  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows:  Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Conflict with Uber's responses to Bank's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case.  Uber further objects to this Request because it is not tailored to the claims or defenses of any party to this action and seeks information that is not relevant to this litigation.  In addition, Uber objects to this Request as vague and ambiguous.  Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 33:**

Are described, or referred to, in Uber's responses to Bank's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to its General Objections, Uber objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of the case.  Uber further objects to this Request because it is not tailored to the claims or defenses of

any party to this action and seeks information that is not relevant to this litigation. Uber objects to this Request on the grounds that it seeks information protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Uber responds as follows: Uber states that it will provide responsive, non-privileged information, if any, located subject to a reasonable and diligent search, after meeting and conferring with Plaintiff in order to appropriately narrow and/or clarify the scope of this Request

Dated: October 7, 2019

David Fioccola
Adam J. Hunt
Tiffani Figueroa
MORRISON & FOERSTER LLP

By:   _/s/ David Fioccola_
       DAVID FIOCCOLA

Attorneys for Defendants
UBER TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and complete copy of the foregoing document, **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** to be served via courier on the following counsel of record:

TODD C. BANK
ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
*Counsel for Plaintiff*

*/s/ David Fioccola*
David Fioccola

31

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on October 17, 2019, a true and accurate copy of the foregoing document is being filed electronically via the Court's electronic-case-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, who are not served via the Court's ECF system.

Dated: October 17, 2019

                                *s/ **Todd C. Bank***
                                Todd C. Bank